# EXHIBIT C

DISABILITY RIGHTS PENNSYLVANIA

Disability Rights Pennsylvania
1800 John F. Kennedy Blvd., Suite 900
Philadelphia, PA 19103
(215) 238-8070 (Voice)
(877) 375-7139 (TDD)
www.disabilityrightspa.org

December 18, 2025

Michael Carroll, P.E., Deputy Manager
City of Philadelphia
Office of Transportation and Infrastructure Systems
Via email: Michael.a.caroll@phila.gov

Zach Strassburger, Esquire
Deputy City Solicitor, ADA Compliance
City of Philadelphia Law Department
1515 Arch St, 15th Floor
Philadelphia, PA 19102
P: (215) 683-2998
Zachary.strassburger@phila.gov

RE: Request for Reasonable Accommodation / Bicycle Lanes

Dear Michael Carroll / Zach Strassburger:

Disability Rights Pennsylvania (DRP) is the federally designated protection and advocacy agency for the Commonwealth of Pennsylvania. Our mission is to protect the rights of all people with disabilities in the Commonwealth, which includes ensuring that people with mobility impairments can safely navigate to and from their homes and in their communities.

As you are aware, the City of Philadelphia (City) is in the process of implementing and enforcing bicycle lanes (Lanes) in various locations of the City pursuant to its Vision Zero Action Plan 2030. The City has posted signs which prohibit stopping, loading or parking in the Lanes, and intends to install concrete blocks to prevent vehicles or individuals from crossing into the Lanes.

We have become aware of neighbors with mobility disabilities who live on the 500 block of Spruce Street (Center City) and on 48th Street (West

Philadelphia). The City's prohibition on stopping and loading in the Lanes has and continues to prevent them from safely entering and exiting their homes, accessing their transportation, and reaching destinations in the community. The prohibition also places these individuals in significant and substantial danger as they are forced to walk in the street, ambulate great distances, and otherwise be exposed to physical danger, harm or injury to avoid the Lanes. The City has had notice of the ongoing issues through previous litigation and public comments on its websites.

Title II of the Americans with Disabilities Act (ADA) broadly provides that "no qualified individual with a disability shall, by reason of such disability…be subjected to discrimination by such entity." 42 U.S.C. § 12132. The City is a public entity required to comply with Title II of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12131(1)(A). It is unlawful for a public entity to refuse to make a reasonable modification (also called "reasonable accommodation") in its policies, practices and procedures that is necessary to avoid disability discrimination. 28 C.F.R. § 35.130(b)(7).

Section 504 of the Rehabilitation Act of 1973 ("Section 504") provides that "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal Financial assistance[.]…For purposes of this section, the term 'program or activity' means all of the operations of (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government" 29 U.S.C.A. § 794. The City is a recipient of federal funding.

The Pennsylvania Human Relations Act (PHRA) protects the right to reasonable accommodations in order to retain the full enjoyment of the "premises". 43 Pa.Cons. Stat. Ann. § 955 (h)(3.2).

Any implementation of the Vision Zero Action Plan 2030 which prevents individuals with disabilities from entering and exiting their premises, from bringing items to and from their manner of transportation, and from otherwise moving about in the community, constitutes a violation of Title II of the ADA, Section 504 and the PHRA.

I hereby formally request a reasonable accommodation --- that the City retract and remove the prohibition on stopping and loading in the Lanes, cancel its plans to install concrete curbs around the Lanes, and otherwise implement its Vision Zero Action Plan 2030 in a manner that allows individuals with disabilities to freely enter and exit their premises, to have access to their transportation, and to move about in the community.

Please contact me at (412) 694-1380, by January 10, 2026, so that we may discuss an amicable resolution to this matter. I look forward to hearing from you.

Sincerely,

_________________________
Morris A. Scott, Esq.
Staff Attorney